Tom, J.P.
(Concurring). Plaintiff’s decedent Jason Aiello, a former police officer, was shot and killed in an exchange of gunfire with two uniformed police officers. Earlier that same morning, he had been in a waiting room at Bayley Seton Hospital in Richmond County, where he was being evaluated for admission by a psychiatrist under the hospital’s Comprehensive Psychiatric Emergency Program. He escaped from the waiting room when a mental health technician employed by the hospital unlocked the door to permit two emergency medical technicians to enter. He then walked home and retrieved two handguns. In the attempt to take him into custody, the police officers recovered one of the handguns from his person, but Aiello broke *249 free and opened fire, which the officers returned, fatally wounding him.
Plaintiff fails to articulate her theory of liability but suggests that she should be allowed to recover damages from defendant Burns International Security Services Corporation, whose employee was not even in the vicinity at the time of Aiello’s escape, for the death of her husband at the hands of the police. However, she identifies no legal basis under which recovery may be had and advances no grounds for extending liability under New York law to the facts at bar. Thus, the complaint fails to state a cause of action and must be dismissed. Finally, even if a basis for liability could be found, Supreme Court correctly concluded that the law affords no grounds for recovery against Burns.
While New York law does not generally impose liability for failure to prevent third persons from causing injury to others (D’Amico v Christie, 71 NY2d 76, 88 [1987]), liability may be imposed “when the defendant has authority to control the actions of such third persons” (Purdy v Public Adm’r of County of Westchester, 72 NY2d 1, 8 [1988]; see Schrempf v State of New York, 66 NY2d 289, 295 [1985]). A psychiatric facility, including one operated by the state, may be subject to liability for negligently permitting the release of a patient who is a threat to the safety of himself or others and who, upon release, inflicts harm on others (see Rivera v New York City Health & Hosps. Corp., 191 F Supp 2d 412, 422-423 [SD NY 2002]; Williams v State of New York, 308 NY 548, 554-555 [1955]). Likewise, liability may be imposed where the person negligently released inflicts injury upon himself (Huntley v State of New York, 62 NY2d 134 [1984]; Bell v New York City Health & Hosps. Corp., 90 AD2d 270 [2d Dept 1982]). No authority is cited for imposing liability where, as here, harm is inflicted not by the person negligently released but by some third person who inflicts harm on the person negligently released.
In this case, the immediate and proximate cause of Aiello’s fatal injuries was a number of shots fired by police officers in self-defense. Thus, the causal relationship between any alleged negligence on the part of defendants and the fatal injuries he sustained was broken by police action, which defendants were under no legal duty to anticipate (cf. Nallan v Helmsley-Spear, Inc., 50 NY2d 507 [1980] [common-law duty of a possessor of land]). Nor can a compelling argument be made for extending liability for action taken by the police to protect themselves— and society — from a negligently released person presenting a *250 clear danger to others. It remains that Aiello was shot while attempting to gun down two police officers, fortunately without success. However, the lack of injury to those officers is merely propitious. Had the outcome been less so, plaintiff would be in the anomalous position of advancing a right to recover for the death of Aiello equal to the right of the spouse of a police officer who was injured or killed in the exercise of his responsibility to protect the public from the danger posed by Aiello. Thus, I discern no basis for relief by plaintiff against any defendant.
Even if liability could be imposed under the facts presented, I am in full agreement that New York law affords no basis for recovery as against Burns, which was retained under contract to provide security services at Bayley Seton Hospital. Of the three situations enumerated in Espinal v Melville Snow Contrs. (98 NY2d 136, 140 [2002]), the only possibly pertinent basis for liability is the assumption of a duty to provide security that “entirely displaced” the hospital’s duty to secure the premises. Burns did not unleash an agent of harm, which was accomplished by the hospital’s mental health technician who unlocked the waiting room door, thereby facilitating Aiello’s elopement (id., quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]). Likewise, irrespective of Aiello’s knowledge of Burns’s contractual duties, he lacked a sufficiently extensive history of treatment at the hospital to have developed any detrimental reliance that Burns would continue to provide security services (Espinal, 98 NY2d at 140, citing Eaves Brooks Costume Co. v Y.B.H. Realty Corp., 76 NY2d 220, 226 [1990]). Since hospital employees had supervisory authority over the guards employed by Burns and since a hospital employee exercised control over admission to the waiting room, it is apparent that Burns did not entirely displace the hospital’s duty to provide security at the premises, and that ground for liability is unavailing (Espinal, 98 NY2d at 140).
Examination of the record finds no basis for imposing liability on Burns for negligence. Its employee was not present when the hospital’s mental health technician took it upon herself to open the waiting room door, thereby affording Aiello a means of egress. That the technician had a key indicates a retention of control over access to and from the area by hospital personnel, for whose actions the hospital bears sole responsibility. Finally, the hospital’s employee exercised her independent judgment to allow access to the waiting room in the absence of a security guard and without attempting to summon assistance.
*251 Thus, there is no basis for imposing liability on the part of Burns, regardless of whether any other defendant can be held liable to plaintiff.
Acosta, DeGrasse and Richter, JJ., concur; Tom, J.P., concurs in a separate opinion.
Order, Supreme Court, New York County, entered July 23, 2012, affirmed, without costs.